AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 3:15mj-382
)
Information associated with IMEI numbers 013888008166962 and 358372062039301; DSID's )
8327290835, 1496191780, 1561319194, and 583937895; telephone numbers 217-304-4128, )
765-505-3701, 937-658-4024, and 307-246-3209; and email addresses eight88eighty8@live.com, )
xolker@yahoo.com, preveus@outlook.com, and xolker88@gmail.com, that is stored at premises )
controlled by Apple Inc )

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Northern     District of     California    
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A-3

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B-3

**YOU ARE COMMANDED** to execute this warrant on or before    10-6-15    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Sharon L. Ovington    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  9-22-15  3:00 pm     *[signature]*
                                              *Judge's signature*

City and state:     Dayton, Ohio              Sharon L. Ovington, Chief U.S. Magistrate Judge
                                              *Printed name and title*

## ATTACHMENT A-3

Information associated with IMEI numbers 013888008166962 and 358372062039301; DSID's 8327290835, 1496191780, 1561319194, and 583937895; telephone numbers 217-304-4128, 765-505-3701, 937-658-4024, and 307-246-3209; and email addresses eight88eighty8@live.com, xolker@yahoo.com, preveus@outlook.com, and xolker88@gmail.com, that is stored at premises controlled by Apple Inc., a company that accepts service of legal process at 1 Infinite Loop, Cupertino, California, 95014.

## ATTACHMENT B-3
### Particular Things to be Seized

I. **Information to be disclosed by Apple Inc. (the "Provider")**

To the extent that the information described in Attachment A-3 is within the possession, custody, or control of the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A-3:

a. Any device registration information, including customer name, address, email address, and telephone number.
b. Any customer service records, including: (1) records of support interactions with the customer regarding any Apple device or service, and (2) any device, warranty, and repair information.
c. Any information regarding any iTunes accounts, including: (1) subscriber information such as name, physical address, email address, and telephone number; and (2) information regarding iTunes purchase/download transactions and connections, update/re-download connections, and iTunes Match connections.
d. Any information regarding any iCloud accounts associated with the IMEI numbers, DSID numbers, email addresses, and telephone numbers identified in Attachment A-3, including (1) subscriber information such as name, physical address, email address, and telephone number; (2) mail logs, including records of incoming and outgoing communications such as time, date, sender email address, and recipient email address; (3) any available email content; (4) any other iCloud content, including photo streams, documents, contacts, calendars, bookmarks, and iOS device back-ups.
e. Any information regarding use of the Find My iPhone feature, including connection logs and transactional records.
f. Any available Game Center information, including connection logs with IP addresses and transactional records.
g. Any information regarding iOS device activations, including IP addresses of the events, ICCID numbers, and other device identifiers.
h. Any information available regarding any sign-on activity for iTunes, iCloud, and My Apple ID, including connection logs with IP addresses and transactional records.
i. Any information regarding My Apple ID and iForgot Logs, including connection logs with IP addresses and transactional records.
j. Any information regarding FaceTime communications, including call invitation logs.

II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of offenses involving violations of (1) possession of child pornography and access with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and 2252(a)(4)(B); (2) receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) and 2252(a)(2)(B); (3) production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e); and (4) coercion and enticement, in violation of 18 U.S.C. §2422, involving Robert Jones from August 1, 2013 to the present, including:

a. Any visual depictions and records related to the possession, receipt, and distribution of child pornography;
b. Any visual depictions of minors;
c. Any Internet history indicative of searching for child pornography;
d. Any Internet or cellular telephone communications (including email, social media, and online chat programs) with others in which child exploitation materials and offenses are discussed and/or traded, and any contact / identifying information for these individuals;
e. Any Internet or cellular telephone communications (including email, social media, and online chat programs) with minors, and any contact / identifying information for these minors;
f. Evidence of utilization of email accounts, social media accounts, online chat programs, and Peer-to-Peer file sharing programs, including any account / user names;
g. Evidence of utilization of aliases and fictitious names;
h. Any information related to Internet Protocol (IP) addresses accessed by the devices or accounts;
i. Any GPS information associated with the accounts and devices;
j. Any information related to Internet Protocol (IP) addresses accessed by the accounts and devices;
k. Information relating to who created, used, or communicated with the accounts and devices, including records about their identities and whereabouts.